Eric Guzman, on behalf of the appellant Alejandro Gonzalez, I will watch my own clock and try to reserve three minutes for rebuttal. May it please the court. No act in furtherance of the conspiracy occurred in the Northern District of California, and no co-conspirator Wait a minute. There was a phone call between the C.I. and your client, and are you saying that that telephone call in which the drug transaction was arranged was not an act in furtherance of a conspiracy? And if so, do you have a case you can cite me that holds that a telephone call to arrange a drug transaction cannot be an overt act in furtherance of a conspiracy? Yes, Your Honor, and I'd like to answer that in two parts, if I may. Sure. The case I would cite to that is Escobar v. Wright, adopting the Sears rule, holding that you cannot conspire with the government informant. No, that's not the question, counsel. You made a statement that I'm challenging, because I know of no case that holds this, that a telephone call cannot be in furtherance of a conspiracy. Your Honor, I do not have a case that cites that exact issue. I mean, your challenge is there was no conspiracy, but that's not what you said. What you said was that there was no overt act in this district in furtherance of a conspiracy. Yes, Your Honor. My position, the first part of my position is that the general principle that you cannot conspire with a government informant leads to the conclusion that the phone call with a government informant, because you cannot conspire with that person, that phone call is not in active furtherance of the conspiracy. And Escobar — What do we do with the man? With the guy? The guy, yeah. Well, he definitely was a co-conspirator. He was a co-conspirator. Yes, Your Honor. So if he and your client were in a conspiracy to sell drugs and a telephone call was made into the Northern District of California or out of the Northern District of California, and they were trying to arrange a drug transaction, why isn't that a classic example of an overt act in furtherance of a drug trafficking conspiracy? Because when my client is speaking to the government informant, there is no meeting of the minds. Escobar DeBrite looks — when he's analyzing the conspiracy issue, it says — But the overt act doesn't have to be between a conspirator and another conspirator. If I'm the driver of the getaway vehicle for the bank robbery and I go out and I buy a car to use in the getaway, and I happen to buy it from the used car dealer, he's not a member of the conspiracy, but that can still be an overt act in furtherance of the robbery conspiracy, can't it? Yes. So what's the difference? The difference is when you're dealing with the government informant, they are seeking to frustrate the conspiracy. Well, sure, we want to arrest — we want to break up the conspiracy and arrest the conspirators, but that doesn't destroy the existence of a conspiracy if the guy and your client decided to engage in the drug distribution business. I agree it does not destroy the conspiracy. My point is the conversation between someone who is an arm of law enforcement, who is helping to bring about the demise of the conspiracy, that conversation is not in furtherance of the conspiracy. Rather, it's to the detriment of the conspiracy. So any time an undercover officer or an informant working on behalf of the police engages in a conversation with a member of a conspiracy in which incriminating evidence is introduced or obtained, that can't be used to prosecute the conspirators? Is that your position? I'm sorry, could you rephrase — could you re-ask the question? You seem to be arguing that any time that a law enforcement officer seeking to break up a conspiracy in an undercover capacity engages in any kind of communication with members of the conspiracy, that that evidence is not admissible to prosecute the conspirators. I'm not arguing it's not admissible. My position is that the conversation with the government informant, that's not furthering the conspiracy. But even aside from that, Your Honor, my second response is that the act was committed by Mr. Gonzalez outside of the Northern District. So even if that act was in furtherance of the conspiracy, Mr. Gonzalez committed that act somewhere outside of the Northern District. But he intended it to be heard in the Northern District. If he had shouted out the window in Modesto, it wouldn't have been heard in San Francisco. But he used a telephone to be heard in San Francisco. The effect of his act was in the Northern District, wasn't it? It was, Your Honor, but I'm not sure that the record establishes that Mr. Gonzalez knew that the informant was in San Francisco. What difference does that make? Do you think that there's — the statute says that he has to have actual specific knowledge of where his words are going to be heard? No, Your Honor. But your question was, it was Mr. Gonzalez's intention for his words to be heard in the Northern District. No, no. His intention was for his words to be heard in furtherance of the conspiracy. This is the Price fellow. This is what I want from you, right? He's quoting a Price. So he doesn't have to know that that's taking place in the Northern District or Los Angeles. He's just quoting a Price. He wants that Price to be heard, doesn't he? He does. But that issue is dealt with in the Escobar case and the Sears case, where the defendants in those cases were attempting to conspire. They thought they were committing a conspiracy crime, and they had every intention of conspiring to commit a crime, but they weren't, because the people they were dealing with in those cases were government informants. Counsel, I don't understand the logic behind your argument. If the guy and Mr. Gonzalez decided to distribute drugs, and either the guy or Gonzalez deals with a potential customer to negotiate over the sale and delivery of drugs, isn't that in furtherance of the conspiracy that the guy and Gonzalez have entered into? Those actions, Your Honor, occurred exclusively outside of the Northern District of California. Well, you keep dodging. The questions I'm answering are pretty basic questions. The answer to that question has to be yes, as I understand the law. But what you're really arguing is, I think, back to your venue objection, which is that he couldn't have known when he was having this conversation with the confidential informant that the CI was in the Northern District of California. Correct, Your Honor. But is that required? If I engage in a conspiracy to commit fraud, and I transmit via interstate wires a communication to an e-mail address in furtherance of the fraud, does the law require that I know that the holder of the e-mail account is actually in the State of New York, and that that's where my communication is going to be received? Or does the law permit the government to lay venue in New York? Well, I believe wire fraud and other sections have different venue provisions that would allow venue in those cases. But for a conspiracy case, the Ninth Circuit has held that one co-conspirator must commit an overt act in the district of trial. In this case, no co-conspirator committed an act in the Northern District. Sure he did. Gonzales spoke the price, which was heard in the Northern District. Yes, Your Honor, but the action he committed, he committed that action outside. With the intention of it being heard so that he could agree on the price. He did not have the intention that it be heard in the Northern District of California. Okay. We got that. All right. I would like to reserve the rest of my time for public comment. May it please the Court. My name is Aaron Wegner. I represent the United States in this appeal. The District Court correctly denied the defendant's motion to dismiss the indictment on venue grounds, and this Court should affirm that decision. The District Court correctly found that the telephone calls between the confidential informant, who was in the Northern District of California, and the defendant, who was not in the Northern District of California, were indeed overt acts that were in furtherance of a cocaine conspiracy. In reaching this conclusion, the District Court relied on two undisputed facts. First, as the Court noted, the defendant was a conspiracy with someone known as the guy to distribute cocaine. And second, that the telephone calls between the informant and the defendant were used to negotiate the purchase of five kilograms of cocaine. The defendant's only connection here is that venue was not proper in the Northern District of California, because the only act by the defendant was placing telephone calls to the informant who was in the Northern District of California. How do you meet his argument that Gonzales didn't know that his voice would be heard in the Northern District of California? It's not a requirement of the statute, and there's no case that I'm aware of that's ever held that foreseeability is required when you're placing telephone calls to informants or other government actors in a different state. And I think the Romney case is exactly on point out of the Second Circuit on that particular issue. Don't you have a better case than Angotti? Well, I do. I have the Kwok case as well from this Court earlier this year. Now, in that case, what you had is the defendant sending a money order to an undercover ICE agent in San Diego. The defendant did not know that the ICE agent was in San Diego. The ICE agent used that money order, cashed it at a bank in San Diego, and the case was eventually brought in the Southern District of California. And this means that in that case, where you had an undercover agent who unilaterally made a decision to cash that check in San Diego, that that action by that agent may have been improper in the Southern District of California. The case here is actually much better, because you have a confidential informant who's actively seeking out the informant, placing a telephone call to him in the Northern District of California. And there were facts in this record, as the Court is aware, that were presented to the District Court at the motion to dismiss that the defendant indeed did know that the informant was in the Northern District of California. They had a preexisting relationship. They had done prior cocaine deals together. And the District Court, based on those representations, made a finding that the defendant knew that the informant was in the Northern District of California. Counsel, some of the facts that you just represented to us are not contained in the signed stipulation of the parties, are they? That is correct, Your Honor. Why didn't you include those in the stipulation? And can we look at the argument that was made to the District Court when it ruled on the pretrial motion to dismiss for lack of proper venue in order to bolster the facts that are missing from the stipulation? To answer your first question, those facts are not included in the stipulation simply because we put in the facts that we needed to convict the defendant on the three counts that were in the indictment which did not involve the preexisting relationship between the defendant and the informant. To the second question, I think this Court certainly can and should look at the facts that were presented to the District Court at the motion to dismiss because the District Court made specific factual findings at that hearing that were not objected to at the time by the defendant. And based on the law, this Court can only review those findings for clear air. And the defendant had opportunity to object to the preexisting relationship that we established at the hearing. But counsel, regardless of what happened before the District Court on the motion, when you enter into a stipulation of facts, that's sort of like a contract. Everything that isn't in the stipulation of facts is not to be considered. Isn't that right? I think that's true if this Court were reviewing the Rule 29 motion. But the only issue in front of this Court is the ruling on the motion to dismiss, which obviously predated the stiff-backs bench trial. So is it your position, I'm looking at the, I think it's Judge Alsup's order denying the motion to dismiss excerpt of record 44, page 5, beginning, for example, at line 25, where he finds, he says, these calls were without doubt used to further the conspiracy, and this order so finds. We can rely on that factual finding in reviewing the propriety of the District Court's venue decision? Well, I think what the Court is asking there is actually a legal finding by Judge Alsup that those calls were overt acts and furthers the conspiracy. The facts right before that on ER 44 regarding first the preexisting relationship between the defendant and the informant, and Judge Alsup also relied on a DEA report which talked about the fact that the CI had reported to the agents that the deal was going to occur halfway between the San Francisco Bay Area and Los Angeles. So it was those two representations to the District Court that the District Court found persuasive and adopted that those facts should be established in the record and only reviewed by this Court for clear air. Well, the problem I have is with the language of the District Court's order. I'm looking at the paragraph that begins on line 14 on page 5. There's sort of a mixture of reliance on representations that the United States made at the hearing that it expected its evidence at trial would prove. And the Court's adoption of those representations, well, if that's the case, then venue clearly lies in this district. But it seems to me that analytically that's different from a stipulation of facts when the District Court is trying this case in a bench trial and is the finder of fact. And there's nothing in your stipulation of facts that address these same points. That is true. But I think even if you looked at the stipulated facts that were presented to the District Court at the trial, what you have there is enough for this Court to find that venue was proper in the Northern District of California because what was agreed to in those facts is that these telephone calls took place and that the defendant was in a conspiracy and he placed calls into the Northern District. And that alone is enough for this Court to hold that venue is proper in the Northern District of California because, as Judge Alsop found, as a matter of law, those telephone calls were overt acts in furtherance of the conspiracy. So are you referring to paragraph 3, excerpts of record 37 and 38, which is the stipulation on which the District Court obviously relied? That is correct. Everything that this Court would need to rely on factually is contained in that stipulation. Now, in addition, there were the facts that were presented to the District Court at the motion to dismiss hearing. But it's the government's position that this Court does not even need to consider those facts in order to rule on this issue because, as a matter of law, the telephone calls by themselves are the overt acts that make venue proper in the Northern District of California. Regardless of ---- I mean, we agree with your position that foreseeability is not a requirement and that the District Court makes a finding that there was a conspiracy in existence between the guy and Gonzales before these phone calls were made, right? Correct. Okay. That is correct. Just the last point I'd like to make about foreseeability, I did cite quite a few districts that have held that foreseeability is not required. This Court has also made similar decisions in the Kwok case and also the Angadi case. So based on that, based on the fact that it did not matter that the defendant knew or had reason to know where the CI was, simply the fact that he was in a conspiracy with another person, used a telephone call in order to further that is enough to make Judge Alsup's ruling proper that a venue was properly laid in the Northern District of California. If the panel has no further questions, I'll submit the issue to the Court and ask the panel to affirm the District Court's decision. Thank you. Kennedy. Doesn't the Angadi case pretty much dispose of your argument regarding necessity for Gonzalez to either know or foresee that his voice will be heard in the Northern District of California? Your Honor, I believe the difference with Angadi is in that case involving the submission of false statements, I believe the nature of the activity, it's obvious that those documents or those applications are going to be forwarded on to other places, whereas it's not the same case with a telephone call. Well, it's pretty obvious that somebody speaking on a telephone expects to be heard on the other end. That is true, Your Honor. And in Angadi, the false statements were submitted to an intermediary and ended up in another district in California, and it said there's no necessity for the defendant to have foreseen in what district they caused the fraud to exist. My position is that the difference is the message or the conversation in this case was not transmitted through a courier or an intermediary. It was directly to one person. Well, that's not true, is it? I mean, technically they're transmitted through an interstate common carrier that transmits the signals by maybe by satellite, maybe by computer, maybe by long line. I mean, these days, who knows? But there's clearly an intermediary that is transmitting the electronic and digital signals between the caller and the recipient of the call. That's true, Your Honor. So how is that different from hiring FedEx to take my false mortgage application and carry it to another district, in which we've said in Angadi that venue is properly laid? Well, I believe in the Angadi case, it was obvious that they knew these documents were headed to multiple other locations, whereas that's not the case with the Fulcro Longford case. But if you're in Angadi, the defendant filed false documents to get a mortgage from Western Federal to buy a condo in northern California, all right? Western Federal was headquartered in Orange County in the central district. And that's where venue was laid. So he foresaw that he was going to defraud somebody with a place up in northern California, but he submitted the documents and they were received in a central district. And he was stuck with venue in the central district. Why is that not the same as here, except that there was paper and here it is phone call? Tough. Yes, Your Honor. If I could just briefly address a couple points about the government. I believe Kwok is distinguishable for the reasons I raised in my reply brief. And regarding the foreseeability requirement, the Romney case, which the government and the district court relied on, did impose a foreseeability requirement as a 506 fed third at 123. And I don't believe the record evidence supports that it was reasonably foreseeable to Mr. Gonzales that a conspiracy would involve or culminate in the northern district of California at all. Thank you. Thank you. Thank you, counsel. The case of the United States versus Gonzalez will be submitted. Thank you, counsel, for your oral argument. And we will go to the next case, which is SEIU versus NUHS. Thank you.
judges: Gould, Tallman, Bea